Nicole Y. Blohm (Bar No. 177284)
nblohm@mmhllp.com
Grant E. Ingram (Bar No. 242785)
gingram@mmhllp.com
MESERVE, MUMPER & HUGHES LLP
1000 Wilshire Boulevard, Suite 1860
Los Angeles, California 90017-2457
Telephone:  (213) 620-0300
Facsimile:  (213) 625-1930

Attorneys for Plaintiff in Interpleader
LIFE INSURANCE COMPANY OF NORTH AMERICA

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA (LOS ANGELES)

| | |
|---|---|
| LIFE INSURANCE COMPANY OF NORTH AMERICA,<br><br>　　　　Plaintiff in Interpleader,<br><br>　　vs.<br><br>ASHLEY BECERRA, an individual; ALEJANDRO DEL REAL, an individual; ALEJANDRO DEL REAL as guardian for V.A.D.R., a minor; and ALEJANDRO DEL REAL as guardian for A.A.D.R., a minor,<br><br>　　　　Defendants in Interpleader. | Case No. 2:21-cv-638<br><br>**COMPLAINT IN INTERPLEADER**<br><br>Complaint Filed:  January 22, 2021 |

　　　　Plaintiff LIFE INSURANCE COMPANY OF NORTH AMERICA ("LINA"), by way of Complaint in Interpleader, alleges as follows:

## THE PARTIES

　　　　1.　　LINA, the Interpleader-Plaintiff, is an insurance company organized under the laws of the Commonwealth of Pennsylvania, with its home office in the Commonwealth of Pennsylvania.  LINA is authorized to transact, and is transacting the business of insurance in the State of California.

　　　　2.　　Upon information and belief, Defendant-in-Interpleader ASHLEY BECERRA ("MS. BECERRA") is a resident of the State of California, County of

1  Los Angeles, is over 21, and is the daughter of BERTHA D. MENDEZ, deceased
2  (hereinafter sometimes referred to as "MS. MENDEZ" and/or "the Deceased
3  Insured"). Upon information and belief, MS. MENDEZ was at all relevant times
4  prior to her death a resident of the State of California, County of Los Angeles.

5      3.    Upon information and belief, Defendant-in-Interpleader ALEJANDRO
6  DEL REAL ("MR. DEL REAL") is a resident of the State of Arizona, County of
7  Maricopa, is over 21, and is the ex-husband of MS. MENDEZ.

8      4.    Upon information and belief, Defendant-in-Interpleader V.A.D.R., born
9  in April 2003, is a minor child of Defendant-in-Interpleader MR. DEL REAL and
10 MS. MENDEZ, and resides in the State of Arizona, County of Maricopa, with
11 Defendant-In-Interpleader MR. DEL REAL, who is the father and legal guardian of
12 V.A.D.R.

13     5.    Upon information and belief, Defendant-in-Interpleader A.A.D.R., born
14 in November 2007, is a minor child of Defendant-in-Interpleader MR. DEL REAL
15 and MS. MENDEZ, and resides in the State of Arizona, County of Maricopa, with
16 Defendant-In-Interpleader MR. REAL, who is the father and legal guardian of
17 A.A.D.R.

18     6.    Defendants-in-Interpleader ASHLEY BECERRA and ALEJANDRO
19 DEL REAL, as an individual and as parent and guardian of V.A.D.R. and A.A.D.R.,
20 shall hereinafter be collectively referred to as ("Defendants").

21 **JURISDICTION AND VENUE**

22     7.    This is an interpleader action of a civil nature brought pursuant to Rule
23 22 of the Federal Rules of Civil Procedure and 28 U.S.C. § 1335.

24     8.    This Court has jurisdiction over this action pursuant to 28 U.S.C. §
25 1332, in that this suit is between diverse parties, and the amount in controversy
26 exceeds $75,000, exclusive of interest and costs.

27     9.    This Court also has jurisdiction over this action pursuant to 28 U.S.C. §
28 1335 because at least two claimants are of diverse citizenship and the amount in

1  controversy exceeds $500.

2      10.    Venue is proper in this judicial district pursuant to 28 U.S.C. §§ 1391 and 1397 because at least one of the defendants resides or may be found in this judicial district, and a substantial part of the events giving rise to this action occurred in this judicial district.

**FACTUAL BACKGROUND**

    11.    On or about January 1, 2002, LINA issued Life Insurance Policy No. FLI 052070 ("the Policy") to the County of Los Angeles, the employer of MS. MENDEZ, in the State of California, County of Los Angeles. MS. MENDEZ enrolled for a basic benefit in the amount of Two Thousand Dollars ($2,000) and a voluntary benefit in the amount of Nine Hundred Forty-Four Thousand Dollars ($944,000) under the Policy. A true and correct copy of the Policy is attached hereto as **Exhibit A**.

    12.    In November 2009 MS. MENDEZ married MR. DEL REAL.

    13.    In January 2016 MS. MENDEZ and MR. DEL REAL divorced. No instructions for distribution or settlement of the marital property in regards to the insurance policy and/or proceeds were identified in the Petition for divorce. A final order for judgment of divorce was entered on December 31, 2015. A true and correct copy of the Order for Judgment of Divorce is attached as **Exhibit B**.

    14.    MS. MENDEZ and MR. DEL REAL remarried in 2018.

    15.    On December 17, 2018 MS. MENDEZ executed a Beneficiary Designation Form naming MS. BECERRA, whom she identified as her daughter, as the primary beneficiary with an allocation of 60% of the proceeds, and MR. DEL REAL, whom she identified as her husband, as the contingent beneficiary with an allocation of 40% of the proceeds. A true and correct copy of the Beneficiary Designation Form is attached as **Exhibit C**.

    16.    MS. MENDEZ and MR. DEL REAL divorced a final time in March 2020. No instructions for distribution or settlement of the marital property in regards

to the insurance policy and/or proceeds was identified in the Petition for divorce. A final order for judgment of divorce was entered on March 16, 2020. A true and correct copy of the Order for Judgement of Divorce is attached as **Exhibit D**.

17. On April 28, 2020, MS. MENDEZ died.

18. As a result of the death of MS. MENDEZ, the life insurance benefits under the Policy became payable.

19. On or about June 12, 2020, LINA received from MS. BECERRA a claim for benefits informing LINA of the death of MS. MENDEZ and identifying herself as beneficiary. A true and correct copy of the claim form completed by MS. BECERRA is attached as **Exhibit E**.

20. On June 15, 2020, LINA received a letter from MS. BECERRA contesting any claims by MR. DEL REAL as a beneficiary. She indicated MS. MENDEZ and MR. DEL REAL had divorced prior to her death and that he was no longer entitled to any of the proceeds. A true and correct copy of that communication is attached as **Exhibit F**.

21. On or about June 18, 2020, LINA received from MR. DEL REAL a claim for benefits informing LINA of the death of MS. MENDEZ and identifying himself as a beneficiary. A true and correct copy of the claim form submitted by MR. DEL REAL is attached as **Exhibit G**.

22. On June 25, 2020, LINA approved and paid the uncontested 60% of benefits to MS. BECERRA, with interest, totaling $567,746.82.

23. On June 30, 2020, MR. DEL REAL contacted LINA by telephone and advised that although he and MS. MENDEZ had divorced, they had agreed he would remain as beneficiary of the life insurance to support their minor children. Further, MR. DEL REAL provided information to LINA regarding his marriage to MS. MENDEZ specifically noting that there was nothing in their divorce decree with respect to the life insurance policy and/or proceeds. A true and correct copy of a written note prepared by the LINA claim specialist and which documents that

communication is attached as **Exhibit H**.

24. According to the Policy, "If no beneficiary is named, any amount of your loss of life of benefits will automatically be paid to your surviving spouse; or if no surviving spouse, your surviving children... If more than one person becomes entitled to benefits they will share equally…."

25. LINA claims no beneficial interest in the proceeds due under the Policy and is a mere stakeholder with respect to the proceeds. LINA has at all times been, and is now ready, willing and able to pay the sums due under the Policy to the person or persons legally entitled to them. As a result of the facts and circumstances set forth above, there are competing claims for the Policy benefits and LINA cannot definitively or safely determine to whom (and in what amounts) they should be paid. MS. BECERRA claims she is entitled to the remaining 40% of the proceeds because MS. MENDEZ had divorced MR. DEL REAL at the time of her death and was no longer her husband; thus she was the primary and sole beneficiary. MR. DEL REAL contends that he was the named contingent beneficiary with 40% of the proceeds allocated to him. He further contends that even though he and MS. MENDEZ divorced, they agreed that he would remain beneficiary to provide for their minor children, V.A.D.R. and A.A.D.R, and that as their parent and guardian, he is asserting their fair share of the disputed benefits. In the event that the Court determine that, with respect to the disputed 40% of the benefits, there is no beneficiary named, then pursuant to the Policy language cited above in paragraph 24, the benefits might be payable to the surviving children - MS. BECERRA, V.A.D.R. and A.A.D.R., in equal shares.

26. In light of these competing claims, LINA cannot disburse the proceeds without incurring significant risk of multifarious liability and duplicative litigation from MS. BECERRA and/or MR. DEL REAL, as an individual and/or on behalf of the minor children, V.A.D.R. and A.A.D.R.

## THE PROPERTY

27. The property subject to this interpleader is Three Hundred Seventy Eight Thousand Four Hundred Dollars ($378,400), which represents 40% of the payable life insurance benefits, plus applicable interest to be calculated at the time the proceeds are deposited with the court to be placed in an interest bearing account.

## THE ADVERSE CLAIMS

28. As demonstrated herein, Defendants MS. BECERRA and MR. DEL REAL, as an individual and as parent and guardian of minors V.A.D.R. and A.A.D.R., claim that they are entitled to some or all of the remaining 40% of unpaid benefits under the Policy and dispute the entitlement to benefits asserted by each other.

## SOLE CAUSE OF ACTION FOR INTERPLEADER

29. LINA incorporates by reference Paragraphs 1 through 29 of the above as if fully set forth herein.

30. LINA has a good faith concern of multiple adverse and conflicting claims as to the Policy proceeds, which it merely desires to pay to the proper beneficiary or beneficiaries

31. LINA alleges that there are proceeds payable under the Policy in the amount of Three Hundred and Seventy Eight Thousand and Four Hundred Dollars ($378,400.00), plus interest.

32. Defendants' claims are such that the LINA is or may be exposed to multiple liabilities, rendering interpleader proper under the Federal Interpleader Act, 28 USC § 1335 and Fed. R. Civ. P. 22.

33. As a result of the facts and circumstances set forth above, and potential conflicting claims for the proceeds of the Policy, LINA cannot definitively or safely determine to whom payment of these proceeds should be made. As a consequence, LINA cannot disburse the proceeds of the Policy without incurring significant risks of multiple liability and duplicative litigation.

34. LINA shall tender and deposit into the registry of this Court the total

1  contested proceeds payable under the Policy of Three Hundred and Seventy Eight
2  Thousand and Four Hundred Dollars ($378,400.00), plus applicable interest on that
3  amount to date.

4      35.    The Complaint in Interpleader is brought in good faith and without
5  collusion with any of the Defendants.

6      36.    As a result of the conflicting or potential claims for the proceeds
7  payable under the Policy, LINA has incurred attorneys' fees and costs and continues
8  to incur attorneys' fees and costs to investigate and establish the facts pertinent to the
9  conflicting or potential claims for benefits payable under the Policy.  To that end,
10 LINA has retained the firm of Meserve, Mumper & Hughes LLP to provide legal
11 services and to protect LINA's interests.  LINA has agreed to pay Meserve, Mumper
12 & Hughes LLP reasonable attorneys' fees for its services.  LINA requests that its
13 costs and reasonable attorneys' fees incurred in the filing and prosecution of this
14 action be reimbursed from the sums deposited by LINA with the Clerk of this Court
15 in this action.

16     37.    LINA is entitled to an injunction against all Defendants, enjoining them,
17 during the pendency of this action and permanently, from instituting or prosecuting
18 any proceeding in any State or Federal court against LINA, in any way connected to
19 the Policy and/or the proceeds payable under the Policy and at issue here, or
20 affecting the rights and obligations as among the parties to this action.

## **PRAYER FOR RELIEF**

WHEREFORE, LINA respectfully requests that this Court grant the following relief:

1.  That each Defendant, their agents, attorneys, and representatives and all persons That the Defendants be required to appear, answer, plead, and litigate their respective rights and claims in and to the proceeds at issue under LINA's Policy No. FLI 052070;

2. That each Defendant, their agents, attorneys, and representatives and all persons claiming by, through or under them, be enjoined from instituting or prosecuting any suit or proceeding or any action or actions in any State or Federal court against LINA or any of its agents, representatives, or employees on account of the Policy or its proceeds during the pendency of this action and permanently thereafter;

3. That this Court decree this Complaint in Interpleader to be properly filed and brought in good faith;

4. That LINA, having paid its admitted liability into Court, be discharged and released from any and all liability as to each Defendant and any persons claiming by, through, or under them, or on account of the death of MS. MENDEZ, and that LINA be dismissed with prejudice from all further proceedings in this action;

5. That this Court issue an order that LINA shall be reimbursed a reasonable sum for its attorneys' fees and costs of suit incurred in the preparation and prosecution of this action and that this sum be paid out of the proceeds of the Policy; and

6. That this Court decree this Complaint in Interpleader to be properly filed and brought in good faith; and

7. For such other and further relief as the Court deems just, proper and equitable under the circumstances.

Dated: January 22, 2021

MESERVE, MUMPER & HUGHES LLP
Nicole Y. Blohm
Grant E. Ingram

By: */s/ Nicole Y. Blohm*
Nicole Y. Blohm
Attorneys for Plaintiff in Interpleader
LIFE INSURANCE COMPANY OF NORTH AMERICA